UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 09-260

HURLEY STARKS                               SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate,

set aside or correct sentence filed by Hurley Starks ("Starks").  Rec. Doc. 199.  Having

considered the record, the memoranda of counsel and the law, the Court has

determined that the motion should be denied for the following reasons.

On June 2, 2010,  Starks entered a conditional guilty plea to one count of an

indictment for conspiracy to distribute and possess with intent to distribute five (5)

grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(b)(1)(B)(iii) and §

846, pursuant to a plea agreement.  Rec. Doc. 54.  That plea was accepted

unconditionally on October 27, 2010, when he was sentenced to a term of imprisonment

1

of seventy (70) years.  Rec. Docs. 82-83. In this motion, Starks challenges his sentence with the argument that the Court did not apply the lower statutory minimums established in the Fair Sentencing Act ("FSA"), and that pursuant to *Dorsey v. United States*, 132 S.Ct. 2321 (2012), he should be sentenced with reference to the minimum five (5) gram quantity set forth in the indictment, which results in a guideline range of 57–71 months.  The government opposes with the argument that this motion has been waived and lacks merit.

The record reflects that the Court <u>did</u> base its sentence on the provisions of the FSA.  The sentence imposed resulted from the amount of crack for which Starks was responsible.  Starks agreed that he was responsible for a total of 49.91 grams of crack in the Factual Basis made part of the plea agreement, and at sentencing agreed to a recalculated total of 52.2 grams, as set forth in the presentence investigation report. Rec. Doc. 57 at 2; Rec. Doc. 175 at 6.  The Court applied an Offense Level of 25 and a Criminal History Score of III to reach a guideline imprisonment range of 70-87 months with a statutory minimum sentence of five years imprisonment, and declined to impose the minimum mandatory sentence of 60 months imprisonment because of the defendant's extensive history of drug dealing.  Rec. Doc. 175 at 8–9.

There is no authority to support the application of the five (5) grams of crack

referenced in the indictment as opposed to the greater amount to which the plaintiff pleaded guilty.   The amount to which Starks admitted far exceeds the new 28 gram minimum amount for the sentence imposed under 21 U.S.C. § 841(b)(1)(B)(iii).   In contrast, the defendant in *Dorsey* was responsible only for 5.5 grams of crack, which was less than the 28 grams that triggers the FSA's new mandatory minimum provisions.[1]

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Hurley Starks is DENIED.  Rec. Doc. 199.

New Orleans, Louisiana, this 1st day of August, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Starks references the case of *United States v. Mormon* in support of his argument that only the five grams referenced in the indictment should be considered.  Rec. Doc. 199 at 10.  The Court is unable to locate that case as cited.  In any event, according to the defendant's own understanding of its holding, that defendant was convicted of possessing less than the new minimum of 28 grams.   That is not the case here.